Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| PUERTO RICO LAND & FRUIT, LLC<br><br>APELANTE<br><br><br>v.<br><br><br>ADVANTIX ENGINEERING CORP.<br><br>APELADA | KLAN202400924 | Apelación procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br><br>Caso Núm.: HU2024CV0310<br><br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Ortíz Flores, la Jueza Aldebol Mora, y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de diciembre de 2024.

Comparece Puerto Rico Land and Fruit, LLC (en adelante, Puerto Rico Land and Fruit o parte demandante-apelante), mediante el presente recurso de *Apelación*, y nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI), el 29 de julio de 2024, notificada al siguiente día. En el referido dictamen, el foro primario desestimó la causa de acción por falta de jurisdicción.

Por los fundamentos que exponemos a continuación, revocamos la *Sentencia* apelada y ordenamos la continuación de los procedimientos ante el foro apelado.

**I**

El 12 de marzo de 2024, Puerto Rico Land and Fruit presentó una *Demanda* sobre daños y perjuicios contra Advantix Engineering, Corp. (en adelante Advantix o parte demandada- apelada).[1] En apretada síntesis, la parte demandante alegó que es dueña de una propiedad en Humacao, Puerto Rico que colinda con el proyecto del U.S. Army Corp. of Engineers

---

[1] Tomamos conocimiento judicial del caso núm. HU2024CV00310, entrada núm. 1 del Sistema Unificado de Manejo del Caso (SUMAC).

Número Identificador
SEN2024_____

(USACE) del Río Antón Ruíz. Añade, que luego del Huracán María, el Departamento de Recursos Naturales y Ambientales de Puerto Rico (DRNA) realizó una investigación del lugar, esto es así pues la parte demandante le donó al DRNA un pedazo de la propiedad para crear una servidumbre de conservación, y encontró que las verjas de la propiedad fueron cortadas, basura, escombros y daños a la flora. Arguyó, además, que luego de realizar comunicaciones extrajudiciales con USACE admitieron que su contratista, Advantix, se excedió de los parámetros de su contrato e invadió los terrenos de Puerto Rico Land and Fruit impactando la flora. Por lo que solicitó al Tribunal la cantidad de setenta y cinco mil dólares ($75,000.00) para corregir y mitigar los daños causados por la conducta culposa y negligente de Advantix.

En respuesta, Advantix presentó una *Contestación a la Demanda y Solicitud de Desestimación* el 15 de abril de 2024.[2] En esencia, la parte demandada expuso sus alegaciones responsivas, levantó sus defensas afirmativas, alegó que no causó daño alguno a la propiedad de la parte demandante y que, de probarse, este daño fue producto de actos u omisiones de terceros. Por otro lado, arguyó que procedía la desestimación de la causa de acción, pues la misma se encontraba prescrita. Esto es así, pues los alegados daños sufridos por la parte demandante fueron conocidos para el año 2018 y no fue hasta el 2023 que esta le reclamó extrajudicialmente sobre los mismos.

El 29 de abril de 2024, la parte demandante presentó su *Oposición a Desestimación*.[3] En síntesis, alegó que no procedía la desestimación del recurso, pues advino en conocimiento del envolvimiento de Advantix como contratista de USACE el 27 de abril de 2023 y presentó la *Demanda* el 12 de marzo de 2024 dentro del término prescriptivo.

Así las cosas, el Tribunal de Primera Instancia emitió una *Sentencia* en la cual declaró **No Ha Lugar** a la causa de acción por falta de jurisdicción

---

[2] Caso núm. HU2024CV00310, entrada núm. 5 del SUMAC.
[3] Caso núm. HU2024CV00310, entrada núm. 8 del SUMAC.

el 29 de julio de 2024, notificada al día siguiente.[4] En esencia, el foro apelado determinó que había falta de parte indispensable, el USACE, pues esta fue quien contrató a Advantix para realizar las labores del Río Antón Ruíz. Concluyó que, debido a que la parte demandante alegó haber sufrido daños causados por un subcontratista del USACE, debió haber presentado una reclamación administrativa y luego, si era necesario, presentar una demanda en el tribunal de distrito federal en Puerto Rico conforme al *Federal Tort Claims Act*, 28 U.S.C. sec. 2671. En específico, el foro primario expresó lo siguiente:

> En el presente caso se trae a colación unos alegados daños que fueron comunicados mediante misiva de 20 de julio de 2018 donde el Departamento de Recursos Naturales (DRNA) le reclama al Sr. Víctor González (principal de PRLF) por daños ambientales identificados en terrenos de PRLF gravados a favor del DRNA por una servidumbre de conservación. El Sr. González descubre que el Cuerpo de Ingenieros del Ejército de los Estados Unidos (USACE), por sus siglas en inglés[,] por vía de un contratista desconocido, realizó unas obras que afectaron el terreno en controversia. Es decir, USACE es una parte indispensable en la controversia de autos ya que fue quien subcontrató a la demandada Advantix por consiguiente sin su presencia no se puede resolver la controversia. Además, y a tenor con el Federal Tort Claim Act al ser USACE una parte indispensable y al determinarse que la jurisdicción exclusiva para atender los daños a la propiedad reclamados en la demanda de epígrafe es el Tribunal Federal de Distrito de Puerto Rico, este Tribunal carece de jurisdicción para atender el reclamo solicitado.[5]

Inconforme, la parte demandante presentó una *Moción de Reconsideración* el 5 de agosto de 2024.[6] En el aludido escrito, Puerto Rico Land and Fruit arguyó que no era de aplicación el *Federal Tort Claims Act*, *supra*, pues este estatuto excluye a los contratistas del Gobierno Federal. Además, presentó una *Solicitud de determinaciones adicionales de hechos y conclusiones de derecho*, el 8 de agosto de 2024.[7]

Luego de algunos trámites procesales, el foro primario emitió una *Resolución* el 12 de septiembre de 2024, notificada el 16 del mismo mes y año en la cual declaró **No Ha Lugar** la *Moción de Reconsideración* y la

---

[4] Véase, Recurso de *Apelación*, págs. 46-53.
[5] Véase, Recurso de *Apelación*, págs. 52.
[6] Véase, Recurso de *Apelación*, págs. 54-61.
[7] Véase, Recurso de Apelación, págs.62-65.

*Solicitud de determinaciones adicionales de hechos y conclusiones de derecho.*[8] En síntesis, mantuvo su posición sobre la desestimación del pleito por falta de jurisdicción.

Inconforme, el 16 de octubre de 2024, la parte apelante acudió ante este Tribunal de Apelaciones mediante el presente recurso de *Apelación* y nos planteó la comisión del siguiente error por parte del Tribunal de Primera Instancia, como sigue:

> ERROR: Erró el TPI al determinar que la USACE es parte indispensable por el hecho de ser cocausante de un daño a pesar de que la doctrina de daños y perjuicios permite que un demandante dirija su causa de acción contra la parte que prefiere.

El 14 de noviembre de 2024 la parte apelada presentó su *Alegato de la Parte Apelada*. Contando con la comparecencia de ambas partes, procedemos a resolver.

**II**

**A**. *Jurisdicción*

La jurisdicción es aquel poder y autoridad que ostenta un tribunal para considerar y decidir casos y controversias. *Pueblo v. Rios Nieves*, 209 DPR 264, 273 (2022). Nuestro más alto foro ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, y no debemos asumir jurisdicción donde no la hay. *Id.* Al tratarse de una cuestión privilegiada, se debe atender y resolver con preferencia a cualquier otra, pues en ausencia de jurisdicción no puede ser subsanada por las partes. *Id; Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013). Por tanto, si un tribunal emite una sentencia sin ostentar jurisdicción sobre la persona o la materia, su determinación será considerada inexistente o *ultra vires. Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007).

**B**. *Parte Indispensable*

La Regla 16.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 16.1, dispone que una parte indispensable es "aquella persona que tiene

---

[8] Véase, Recurso de *Apelación*, págs. 67-77.

'un interés en común sin cuya presencia no pueda adjudicarse la controversia'." *García Colón et al. v. Sucn. González*, 178 DPR 527, 548 (2010), que cita a *Deliz et als. v. Igartúa et als.*, 158 DPR 403, 432 (2003). Es decir, "una parte indispensable es aquella de la cual no se puede prescindir y cuyo interés en la cuestión es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos." *García Colón et al. v. Sucn. González*, *supra,* pág. 549 que cita a: *Deliz et als. v. Igartúa et als.*, *supra*, pág. 433; *Sánchez v. Sánchez*, 154 DPR 645, 678 (2001); *Rodríguez Rodríguez v. Moreno Rodríguez*, 135 DPR 623, 627 (1994). Por lo tanto, "los intereses de esa parte 'podrían quedar destruídos o inevitablemente afectados por una sentencia dictada estando esa persona ausente del litigio'." *Id.*, que cita a *Fuentes v. Trib. de Distrito*, 73 DPR 959, 981 (1952).

Ante la ausencia de una parte indispensable, el tribunal carecerá de jurisdicción sobre la persona. *García Colón et al. v. Sucn. González*, *supra,* pág. 550, que cita a *Romero v. S.L.G. Reyes*, 164 DPR 721, 733 (2005). Por lo tanto, la sentencia que se emita en ausencia de parte indispensable es nula. *Unysis v. Ramallo Brothers*, 128 DPR 842, 859 (1991). Además, resulta necesario señalar que el hecho de que se omita traer una parte indispensable al pleito acarrea una violación al debido proceso de ley que la cobija. *García Colón et al. v. Sucn. González*, *supra,* pág. 550, que cita a *Romero v. S.L.G Reyes.*, *supra,* pág. 733 y *Deliz et als. v. Igartúa et als.*, *supra*, pág. 435. Por eso, si una parte es indispensable, ésta "tiene que ser traída al pleito por la parte demandante" y "no hacerlo constituye una violación del debido proceso de ley." *Id.*, que cita a *Granados v. Rodríguez Estrada II*, 124 DPR 593, 603 (1989).

**C**. *Responsabilidad Civil Extracontractual*

El artículo 1802 del Código Civil de Puerto Rico de 1930[9] (Código Civil), 31 LPRA sec. 5141, rige lo relacionado a la responsabilidad civil derivada de actos u omisiones culposas o negligentes. En específico

---

[9] El Código Civil vigente a luz de los hechos del caso.

establece, que la persona que por acción u omisión causa daño a otra, mediando culpa o negligencia, queda obligada a reparar el daño causado. *Id.* Para establecer responsabilidad bajo esta disposición es necesario que exista un daño, una acción u omisión negligente y la correspondiente relación causal entre el daño y la conducta culposa o negligente. Por lo tanto, la reparación de un daño procede siempre y cuando se cumplan ciertos requisitos indispensables, sin los cuales no se configura la causa de acción por responsabilidad civil extracontractual. Es norma firmemente establecida en nuestra jurisdicción que en toda causa de acción al amparo del artículo 1802 del Código Civil, *supra*, el demandante tiene que establecer lo siguiente: (1) la existencia de una acción u omisión productora del acto ilícito extracontractual, (2) la antijuridicidad de la misma, (3) la culpa o negligencia del agente, (4) la producción de un daño y (5) la relación causal entre la acción u omisión y el daño. *Valle v. E.L.A.*, 157 DPR 1, 14 (2002).

El Tribunal Supremo de Puerto Rico ha definido la culpa o negligencia como aquella falta del debido cuidado que consiste en no anticipar y prever las consecuencias racionales de un acto, o de la omisión de un acto que una persona prudente y precavida habría de prever en las mismas circunstancias. *Ramos v. Carlo*, 85 DPR 353, 358 (1962). Este deber de anticipar y prever los daños no se extiende a todo peligro imaginable, sino a aquel que llevaría a una persona prudente a anticiparlo. *Elba A.B.M. v. U.P.R.*, 125 DPR 294, 309 (1990); *Rivera Pérez v. Cruz Corchado*, 119 DPR 8, 19 (1987). De igual forma, tampoco es necesario que se anticipe la ocurrencia del daño en la forma precisa en que ocurrió, basta con que el daño sea una consecuencia natural y probable del acto u omisión negligente. *Tormos Arroyo v. D.I.P.*, 140 DPR 265, 276 (1996).

El Tribunal Supremo de Puerto Rico ha señalado que "[e]l elemento de la previsibilidad está íntimamente ligado al concepto de causalidad", es decir, que no basta la mera existencia de un daño y la acción u omisión

negligente, pues "[e]s imperativa la existencia de un nexo causal entre el daño y el acto culposo o negligente." *Valle v. E.L.A.*, 157 DPR 1, 19 (2002), que cita a *Toro Aponte v. E.L.A.*, 142 DPR 464, 474(1997). En nuestro ordenamiento jurídico, la doctrina que rige respecto al nexo o relación causal es la doctrina de la causalidad adecuada, según la cual "no es causa toda condición sin la cual no se hubiera producido el daño, sino la que ordinariamente lo produce según la experiencia general". *Valle v. E.L.A.*, *supra*, que cita a: *Toro Aponte v. E.L.A.*, *supra*; *Soto Cabral v. E.L.A.*, 138 DPR 298 (1995); y *Miranda v. E.L.A.*, 137 DPR 700 (1994).

**D**. ***Responsabilidad Vicaria de un Empleador sobre el Contratista Independiente***

Como norma general, un empleador no responde por los daños ocasionados por un contratista independiente. *Pons v. Engebretson*, 160 DPR 347, 356 (2003). El tratadista Charles Zeno Santiago ha expresado que esto es así pues el contratista independiente no es empleado, o incluso agente, de la persona por quien fue contratado. *C.* Zeno Santiago, *La Responsabilidad Civil Extracontractual Acorde con El Código Civil de Puerto Rico de 2020 y la Jurisprudencia Puertorriqueña*, 1ra ed., San Juan, 2024, T. I, pág. 466. No obstante, la condición de contratista independiente no releva al empleador de responsabilidad por los daños que este ocasiona. *Id.*, que cita a *López v. Gobierno Mun. de Cataño*, 131 DPR 694, 704 (1992).

El empleador será solidariamente responsable del daño que ocasione un contratista independiente por su negligencia en la ejecución de su trabajo, si el daño pudo haber sido previsto por el empleador y este decida no tomar precauciones especiales en vista de los riesgos particulares de una obra. *López v. Gobierno Mun. de Cataño*, 131 DPR 694, 706 (1992). La responsabilidad del empleador es respecto a los riesgos especiales y peculiares del trabajo que deba realizarse y que surgen de su naturaleza, contra los cuales una persona razonable consideraría la necesidad de tomar precauciones especiales. *Martínez v. Chase Manhattan Bank,* 108 DPR 515, 522-523.

**E**. *Federal Tort Claims Act*

El *Federal Tort Claims Act*, 28 U.S.C. sec. 2671, es un estatuto federal que regula las reclamaciones civiles por daños instadas contra el gobierno de los Estados Unidos por las actuaciones de sus agencias federales y empleados gubernamentales. En específico, en su sección 2671 la ley define *Federal Agency* como sigue:

> [...]includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, **but does not include any contractor with the United States**.

En otras palabras, el estatuto excluye de su aplicación aquellos contratistas del gobierno de Estados Unidos.

**F**. *Responsabilidad Solidaria de los Cocausantes de un Daño*

En las obligaciones solidarias, cada acreedor tiene derecho a reclamarle la totalidad de la prestación a cualquiera de los deudores y estos vienen obligados a realizarla íntegramente. *Pérez et al. v. Lares Medical et al.*, 207 DPR 965, 977(2021). Sobre las obligaciones solidarias, el Tribunal Supremo ha expresado lo siguiente:

> En las obligaciones solidarias existe una relación entre los acreedores y los deudores, llamada la relación externa, y otra entre los deudores solidarios, llamada la relación interna. En la relación interna, al pagar uno de los deudores más de la porción que le correspondía, procede realizar una redistribución del gravamen entre todos ellos. Por lo tanto, una vez un deudor solidario paga más de la proporción que le corresponde, este tiene una acción de nivelación o de regreso contra los demás codeudores al amparo del Art. 1098 del Código Civil. Este derecho, también llamado de contribución o de reembolso, "es el que tiene un deudor solidario que ha pagado, para recobrar lo que ha pagado en exceso, en relación con la responsabilidad de los codeudores entre sí". Esta característica es distintiva de las obligaciones solidarias ya que, en las obligaciones mancomunadas, los deudores solo responden hasta la porción que les corresponde. Igualmente[,] distintivo de las obligaciones solidarias es que "[l]a interrupción de la prescripción aprovecha o perjudica por igual a todos los acreedores y deudores".[10]

En el ámbito de las obligaciones civiles de origen extracontractual, nuestro ordenamiento jurídico ha establecido una presunción respecto a la

---

[10] *Pérez et al. v. Lares Medical et al., supra*, pág. 978. (Citas omitidas.)

solidaridad en acciones extracontractuales. *Pérez et al. v. Lares Medical et al.*, *supra*, pág. 979. Por lo que, cuando las acciones u omisiones de varias personas sean la causa adecuada de un daño, todos los cocausantes responden solidariamente ante la persona reclamante por la totalidad de los daños sufridos por este. *Pérez et al. v. Lares Medical et al.*, *supra*, págs. 977-978.

**III**

En el caso ante nuestra consideración, la parte apelante nos plantea que erró el foro sentenciador al determinar que el USACE es parte indispensable por el hecho de ser cocausante de un daño a pesar de que la doctrina de daños y perjuicios permite que un demandante dirija su causa de acción contra la parte que prefiere. Le asiste razón, veamos.

La jurisdicción es aquel poder y autoridad que ostenta un tribunal para considerar y decidir casos y controversias.[11] Cuando un tribunal emite una sentencia sin ostentar jurisdicción sobre la persona o la materia, su determinación será considerada inexistente o *ultra vires*.[12] Por si, una parte indispensable es aquella persona que tiene un interés en común sin cuya presencia no puede adjudicarse la controversia.[13] Para que una persona pueda ser considerada parte indispensable, tiene que ser aquella de la cual no se puede prescindir y cuyo interés en la cuestión es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos.[14]

El *Federal Tort Claims Act*, 28 U.S.C. sec. 2671, es el estatuto federal que regula las reclamaciones civiles por daños instadas contra el gobierno de Estados Unidos por las actuaciones culposas de sus agencias federales y empleados gubernamentales, entre ellos U.S. Army Corp. of Engineers. Este estatuto, al definir agencias federales, excluye de su aplicación a los contratistas del gobierno. Cuando el daño reclamado es causado por un contratista independiente, el empleador, como norma

---

[11] Véase, *Pueblo v. Rios Nieves*, 209 DPR 264, 273 (2022).
[12] Véase, *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007).
[13] Véase, *García Colón et al. v. Sucn. González*, 178 DPR 527, 548(2010).
[14] *Id.* pág. 549.

10

general, no responde por los daños ocasionados por el contratista independiente.[15] No obstante, el empleador si responderá de manera solidaria por los daños causados por la negligencia en la ejecución de su trabajo por parte del contratista independiente, si el daño pudo haber sido previsto por el empleador y este decida no tomar precauciones especiales en vista de los riesgos particulares de una obra.[16]

Tras revisar el expediente judicial y la *Sentencia*[17] emitida por el Tribunal de Primera Instancia, resolvemos que el Gobierno de Estados Unidos, es decir el USACE, no es parte indispensable en el caso de marras. Luego de una lectura sosegada de las alegaciones, no surge que el USACE posea un interés que pudiera ser afectado y lesionado sin su comparecencia en el pleito.[18] Queda meridianamente claro que la intención de la parte apelante es reclamar los alegados daños sufridos al contratista independiente, supuesto autor de los alegados daños, asunto que debe probarse en su día en corte.

De igual forma, erró el Tribunal Primera Instancia al declararse sin jurisdicción pues surge de manera clara en el *Federal Tort Claims Act*, 28 U.S.C. sec. 2671, que los contratistas independientes del gobierno, en este caso Advantix contratado por el USACE, no les aplica el estatuto.

**IV**

Por los fundamentos que nos anteceden, revocamos la *Sentencia* recurrida y ordenamos la continuación de los procedimientos ante el foro apelado.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Boria Vizcarrondo concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[15] Véase, *Pons v. Engebretson*, pág. 356.
[16] Véase, *López v. Gobierno Mun. de Cataño*, 131 DPR 694, 706 (1992).
[17] Véase, Recurso de *Apelación*, págs. 46-53.
[18] Véase, Caso núm. HU2024CV00310, entradas núm. 1, 5 y 8 del SUMAC.